UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICKY KRUMMEL                                    CIVIL ACTION

VERSUS                                           NUMBER: 04-3486

BURL CAIN, WARDEN                                SECTION: "R"(6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Krummel's petition be dismissed with prejudice as untimely.

Petitioner Krummel is a state prisoner who is presently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana.  On November 9, 1998, Krummel pled guilty to first degree murder in exchange for the prosecution's agreement not to seek the

death penalty.[1]  On that same date, the state district court imposed a sentence of life imprisonment without benefit of parole, probation, or suspension of sentence.  Krummel did not directly appeal his conviction or sentence.  His conviction thus became final on November 14, 1998, when the five-day appeal period prescribed by LSA-C.Cr.P. Art. 914(B)(1) expired.[2]  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes final when the time for seeking further direct review in the state court expires.").

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[3]   *See* 28 U.S.C. § 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, because petitioner's time for seeking review expired November 14, 1998, his one-year limitation period commenced running on that date, giving him until November 14, 1999, to timely seek habeas corpus relief.

_____

[1]A copy of the transcript of Krummel's November 9, 1998 guilty plea proceeding is contained in the State rec., vol. 1 of 5, pp. 102-134.

[2]In 2003, Article 914(B)(1) was amended and presently provides a thirty-day period within which one may timely appeal his conviction.

[3]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

Krummel filed the instant action on December 6, 2004.[4]  Thus, his federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Krummel filed an application for post-conviction relief with the state district court, thereby tolling prescription, on August 19, 1999.[5]  By that time, 275 days of his 365-

---

[4]This December 6, 2004 filing date was ascertained via the court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The reasoning behind such a rule, as the Supreme Court explained in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), is the fact that prisoners, unlike other litigants, cannot "personally travel to the courthouse" to ensure the timely filing of their court pleadings.  Generally, the date a prisoner signs his petition, in this case, December 6, 2004, is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same).

[5]As with the December 6, 2004 filing date for Krummel's federal habeas petition, the August 19, 1999 filing date for his state post-conviction application was ascertained via the court's use of the "mailbox rule".  In *Causey v. Cain*, 2006 WL 1413490, *3-5 (5th Cir. 2006), the Fifth Circuit, based chiefly upon its finding that "the Louisiana Supreme Court has applied the prison mailbox rule with unfailing consistency as a matter of state law", decreed that the mailbox rule be employed in ascertaining the filing date of a prisoner's Louisiana state court pleadings in the context of determining the timeliness of his federal habeas corpus application.

3

day prescriptive period had expired.  Following the district court's adverse decision on March 3, 2000, Krummel timely sought review from both the state appellate court and state supreme court.  As such, prescription remained tolled during the entire period in which Krummel's post-conviction application was pending in the state court system.  *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir.2001) (writ application continues to interrupt prescription as long as application to the next level of state-court review is timely made).  However, on April 30, 2001, Krummel received notice of the Louisiana Supreme Court's adverse decision, *State ex rel. Krummel v. State*, 791 So.2d 115 (La. 2001), regarding his post-conviction application and prescription, once again, commenced to run.[6]

On June 28, 2001, Krummel filed a second post-conviction application with the state district court.  At that point, another 58 days of prescription had expired, for a total of 333 days.  As with his first post-conviction application, Krummel, in connection with his second post-conviction application, timely sought relief from each level of state-court review.  Accordingly, prescription did not once again commence to run until November 1, 2004, when Krummel received notice of the Louisiana Supreme Court's adverse decision.  *State*

---

[6]While the Louisiana Supreme Court denied Krummel's writ application on April 27, 2001, Krummel provides, in Exhibit "M" which he attaches to his "Traverse/Objection to State's Answer" (doc. 13), documentation reflecting that he did not receive a copy of the Louisiana Supreme Court's adverse decision until April 30, 2001.  Just as prisoners cannot personally travel to the courthouse to ensure the timely filing of their court pleadings, hence, the justification for the "mailbox rule", *see* discussion *supra* at n. 4, they likewise cannot personally travel to the courthouse to ensure their timely receipt of a court's adjudication.  For this reason, the court shall use April 30, 2001, rather than April 27, 2001, as the date prescription once again commenced to run.

*ex rel. Krummel v. State*, 885 So.2d 574 (La. 2004).[7]   Krummel filed the instant habeas petition 34 days later, on December 6, 2004, two days after his one-year prescriptive period had expired.   As Krummel has presented no facts warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner is actively misled about the cause of action or is prevented in some extraordinary way from asserting his rights, *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), it will be recommended that Krummel's petition be dismissed with prejudice.

Accordingly;

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Ricky Krummel be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Assoc.,*

---

[7]The Louisiana Supreme Court issued its decision denying Krummel's writ application on October 29, 2004.  While Krummel claims that he did not receive notice of the court's adverse decision until November 1, 2004, he does not provide documentation to substantiate this claim.  However, as shown *infra*, regardless of whether prescription once again commenced to run on October 29, 2004 or November 1, 2004, the instant action is untimely.

79 F.3d 1415 (5th Cir. 1996)(*en banc*).

     New Orleans, Louisiana, this <u>26th</u> day of <u>     May     </u>, 2006.


                         <u>                      </u>

                         LOUIS MOORE, JR.

                          United States Magistrate Judge