UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICKY KRUMMEL                                              CIVIL ACTION

VERSUS                                                     NO. 04-3486

BURL CAIN, WARDEN                                          SECTION "R" (6)

**ORDER AND REASONS**

Before the Court is petitioner Ricky Krummel's objection to the magistrate judge's Report and Recommendation denying his application for a writ of *habeas corpus* as untimely.  Having reviewed *de novo* the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objection to the Report and Recommendation, the Court accepts the magistrate judge's Report and Recommendation and finds that Krummel's application for *habeas* relief is untimely.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Ricky Krummel is a state prisoner who is presently incarcerated in the Louisiana State Penitentiary at

Angola, Louisiana.  On November 9, 1998, Krummel pleaded guilty to first degree murder.  He was sentenced to life imprisonment without parole.  As Krummel did not file a direct appeal of his conviction or sentence during the five-day appeal period granted under La. Code of Crim. Pro. art. 914(B)(1), his sentence became final on November 14, 1998.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that "the conviction becomes final when the time for seeking further direct review in the state court expires").

On July 19, 1999, Krummel filed a motion for the production of documents in state district court.  (Rec. p. 164-65).  The Clerk of Court's office for the Thirty-Second Judicial District Court in Houma, Louisiana, received and signed for Krummel's filing on July 23, 1999.  (*Id.*).  On August 19, 1999, Krummel mailed his first post-conviction application for relief in state district court.  (Rec. p. 179).  This was 278 days after his sentence became final.  The state district court received the application on August 26, 1999.  (Rec. p. 170).  Subsequently, the state trial court denied Krummel's application on March 3, 2000.  Krummel then sought timely review in the First Circuit Court of Appeal on March 30, 2000.  The court denied Krummel's petition on June 29, 2000.  Krummel then sought certiorari to the Louisiana Supreme Court on July 25, 2000, in a timely fashion.

The Court denied certiorari on April 27, 2001, but Krummel did not receive notice of the Court's decision until April 30. (Petitioner's Ex. M).

On June 28, 2001, 58 days after the Louisiana Supreme Court's denial of review, Krummel filed a second application for post-conviction relief in state court, challenging the constitutionality of his conviction and sentence. (Petitioner's Ex. N). The trial court held evidentiary hearings on November 15, 2002, and March 14, 2003. The trial court denied relief on March 17, 2003. (*Id.*). Krummel then sought timely review from the First Circuit Court of Appeals on March 22, 2003, which was denied on September 8, 2003. (Id.). Krummel then sought certiorari to the Louisiana Supreme Court on October 7, 2003, which was in a timely fashion. The Court denied certiorari on October 29, 2004, but Krummel did not receive the Court's decision until November 1, 2004. (Petitioner's Ex. R). Thirty-five days later, Krummel filed his federal *habeas* petition in this Court on December 6, 2004.

**II.   TIMELINESS**

Congress enacted a strict statute of limitations for *habeas corpus* proceedings as part of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).  Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court."  28 U.S.C § 2244(d)(1).  The one-year period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Under both Louisiana and federal law, a *pro se* petitioner's application for post-conviction relief is deemed "filed" at the moment it is placed in the prison mail system.  *Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266 (1988)) (holding that the petitioner timely filed his notice of appeal even though the clerk stamped "filed" on his appeal one day late).  The Supreme Court has called *Houston*'s holding the "prison mailbox rule."  *Causey, 450 F.3d at 604* (citing *Johnson v. United States,* 544 U.S. 295 (2005)).  The logic behind the rule is that *pro se* prisoners are at the mercy of prison

authorities and cannot personally go to the courthouse to ensure timely filing.  *Causey, 450 F.3d at 604* (citing *Houston*, 487 U.S. at 270-74).  "Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one."  *Causey, 450 F.3d at 604* (citing *Houston*, 487 U.S. at 275).  Thus, this Court must evaluate the timeliness of the petitioner's habeas application in light of the prison mailbox rule.

## III. DISCUSSION

Krummel's one-year statute of limitations to file his *habeas* petition commenced on November 14, 1998, when his conviction and sentence became final.  Krummel placed his application for state post-conviction relief in the prison mail system on August 19, 1999.  This tolled Krummel's one-year clock under AEDPA at 278 days.  Krummel contends that his clock should have been tolled on July 19, 1999, when he placed his motion for the production of documents in the prison mail system.  "Such motions, however, are not considered 'other collateral review' which would entitle a petitioner to statutory tolling under Section 2244(d)(2)."  *Dennis v. Cain*, No. 04-2005, 2005 WL 3588707, slip op. at *5

(E.D. La. Nov. 14, 2005); *see also Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *2 (E.D. La. Jan. 16, 2002) (holding that a motion requesting documents did not toll the limitation period under Section 2244(d)(2) because "it was preliminary in nature and did not directly call into question Gerrets' conviction or sentence").

Krummel's prescriptive period did not start to run again until he received the Louisiana Supreme Court's denial of relief on April 30, 2001. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001) (holding that the AEDPA clock is tolled for the entire period that a timely post-conviction application is pending in the state court system). On June 28, 2001, 59 days later, Krummel filed a second application for post-conviction relief in state court, challenging the constitutionality of his conviction and sentence. As before, this tolled his one-year deadline under AEDPA. When Krummel received a denial of relief from the Louisiana Supreme Court on November 1, 2004, his AEDPA clock began running again on that date. Thirty-five days later, he filed his federal *habeas* petition in this Court on December 6, 2004. Under Louisiana law interpreting the timeliness of federal *habeas corpus* applications, Krummel used 372 days to file his petition in federal district court, exceeding the one-year limitation under AEDPA. Furthermore, Krummel does not present

any evidence that merits the application of the equitable tolling doctrine, which permits the one-year limitation to be tolled in certain "exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998); see also Melancon, 259 F.3d at 408 ("'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  Therefore, the Court finds that Krummel's petition is time-barred and the Court is unable to consider it.

**IV.   CONCLUSION**

For the foregoing reasons, petitioner's application for *habeas corpus* relief is DISMISSED with prejudice.

New Orleans, Louisiana, this  26th  day of September, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE